UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LEONARD SEELEN; LESTER OSBORN; STANLEY BELK; MARY KAESER; and SHARYN BENECK,**

        Plaintiffs,

v.　　　　　　　　　　　　　　　Case No.

**MED COACH, LLC, a Florida limited liability company;**

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, LEONARD SEELEN; LESTER OSBORN; STANLEY BELK; MARY KAESER; and SHARYN BENECK, hereby sue Defendant, MED COACH, LLC, a Florida limited liability company; and allege:

## NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA") to redress Defendant's failure to compensate Plaintiff for minimum wage and overtime work.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

3. Defendant's conduct in violation of the FLSA was committed within the jurisdiction of the Tampa Division of the United States District Court for the Middle District

of Florida.

4. Defendant conducts business in the Middle District of Florida as a provider of transportation services in and out of Florida for the sick and elderly.

5. Defendant is engaged directly in interstate commerce and also constitutes an enterprise engaged in commerce under the FLSA and has annual revenues greater than $500,000 per year.

6. Defendant employs long-range drivers who transport persons designated by Defendant who are customers of Defendant. Many trips are from one state to another.

7. Plaintiffs were employed as drivers.

8. Plaintiffs were economically dependent on Defendant and only drove for Defendant.

9. Plaintiffs was unlawfully classified as independent contractors.

10. Plaintiff regularly worked more than 40 hours of work per week. Indeed, Plaintiffs essentially worked 24 hours per day when they traveled away from their home.

11. Defendant paid Plaintiffs as drivers as follows:

(a) A fixed daily amount of $150.00 was paid per day; some days were paid in fractional amounts when it benefitted Defendant;

(b) A fixed daily amount of $100.00 was paid for wait time regardless of hours waiting; and

(c) A fixed daily amount of $40.00 was paid per diem to cover food.

12. Defendant never kept records on actual hours worked.

13. Instead of labeling its drivers as employees, Defendant labeled them as "vendors" and issued checks in response to a document generated by Defendant it refers to as a "Bill."

14. Every customer job resulted in creation of a separate Bill by Defendant.

15. Occasionally, drivers employed by Defendant would receive holiday pay in the form of a "Bonus."

16. Driving assignments made by Defendant to each Plaintiff were carefully prepared and disclosed pick-up dates and times and arrival times; dietary restrictions; medical condition; physician and/or nurse information; and contact information for the customer in case of an emergency.

17. Plaintiff Seelen worked for Defendant from May 2017 to May 2018. He routinely drove and otherwise worked well more than 40 hours per week during any week when an assignment was made.

18. Plaintiff Benek has worked for Defendant for 11 years and is a long-term employee. She has driven and otherwise worked well over 40 hours per week during the limitations period when an assignment was made.

19. Plaintiff Kaeser has driven and otherwise worked well over 40 hours per week during the limitations period when an assignment was made.

20. Plaintiff Osborn has driven and otherwise worked well over 40 hours per week during the limitations period when an assignment was made.

21. Plaintiff Belk has driven and otherwise worked well over 40 hours per week during the limitations period when an assignment was made.

22. Each Plaintiff worked a different number of trips for Defendant.

23. Plaintiffs worked somewhere between 15 - 30 trips were year.

24. During a driving assignment, a driver would work roughly 60 hours per week.

### COUNT I: OVERTIME VIOLATIONS UNDER FLSA

25. Plaintiffs restate the allegations contained in paragraphs 1 through 24.

26. Defendant repeatedly and willfully violated the FLSA by failing to pay Plaintiffs one and one-half times their regular rate for hours worked in excess of 40 per week.

27. Plaintiffs occupied a non-exempt position with Defendants.

28. Plaintiffs have been damaged by the foregoing willful conduct of Defendants.

WHEREFORE, Plaintiff requests this Honorable Court to:

    A. Order Defendants pay an award of back pay and liquidated damages to Plaintiffs;

    B. Order Defendants to pay prejudgment interest on all sums due Plaintiffs;

    C. Order Defendants to pay an award of attorney's fees and costs; and such further relief as the Court deems just, necessary, and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs demand trial by jury as to all issues so triable.

                              Respectfully submitted,

                              /s/ Craig L. Berman
                              Craig L. Berman, Esquire
                              Fla. Bar No. 068977
                              Plaza Tower
                              111 Second Avenue N.E.
                              Suite 706
                              St. Petersburg, FL 33701
                              (727) 550-8989
                              (727) 894-6251
                              craig@bermanlawpa.com

                              **TRIAL COUNSEL FOR PLAINTIFFS**