UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| LEONARD SEELEN; LESTER OSBORN; STANLEY BELK; MARY KAESER; AND SHARYN BENECK,<br><br>Plaintiffs,<br><br>v.<br><br>MED COACH, LLC, A FLORIDA LIMITED LIABILITY COMPA<br><br>Defendant. | CASE NO 8:19-CV-00936-EAK-SPF |

**DEFENDANT MED COACH, LLC'S PARTIAL MOTION TO DISMISS CLAIMS OF PLAINTIFFS OSBORN AND BELK FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant MED COACH, LLC ("Defendant"), by and through undersigned counsel, and pursuant to Rules 12(b)(1) of the Federal Rules of Civil Procedure, hereby requests the Court partially dismiss the Complaint, dismissing Plaintiffs Lester Osborn and Stanley Belk from the lawsuit. In support of this Motion, Defendant provides the following Memorandum.

**MEMORANDUM**

**I.     BACKGROUND**

Med Coach, LLC is a medical transport company that transports patients long distances (300+ miles) in vehicles built to transport patients while providing the necessary medical care. Each vehicle is staffed with two drivers and a nurse for each trip, with the

drivers alternating every four hours.  Plaintiffs Lester Osborn[1] and Stanley Belk[2] are both drivers for Med Coach.

On April 18, 2019, Plaintiffs Osborn and Belk filed a Complaint and Demand for Jury Trial (Dkt. 1) seeking unpaid overtime incurred as a result of Defendant's alleged misclassification of drivers as independent contractors. *See* Dkt. 1 at ¶ 9-16, 22-24. Following an investigation by the Department of Labor, Plaintiffs Osborn and Belk accepted full settlement for their overtime claims, waiving the right to bring this action, and were re-classified as employees, ending all claims related to the misclassification.

## II.     LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move for dismissal based on lack of subject matter jurisdiction. "[W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts…" *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003).  Specifically, the court may go beyond the pleadings and examine other evidence. *Dean v. Community Dental Servs., Inc.*, No. 8:12-cv-1507-T-33AEP, 2012 WL 4208114 at *3 (M.D. Fla. Sept. 19, 2012).

## III.     LEGAL ARGUMENT

The Court lacks subject matter jurisdiction over the claims of Plaintiffs Osborn and Belk because they accepted payment of wages under the supervision of the Secretary of

---

[1] Lester Osborn performed services for Defendant under his LLC, Les-O LLC.
[2] Stanley Belk is also known as Mitch Belk.

Labor, waiving their right to bring suit for unpaid wages and liquidated damages. Because of this full settlement and Plaintiffs' waiver, this Honorable Court is precluded from awarding any further relief to Plaintiffs Osborn and Belk and therefore is deprived of jurisdiction because there is no live case or controversy. *See Already, LLC v. Nike, Inc.,* 133 S. Ct. 721 (2013) (holding that where no relief can be granted, a plaintiff lacks standing and the court is deprived of jurisdiction). As such, the Court should dismiss their claims with prejudice.

### A. FACTS

In February 2018, the Department of Labor ("DOL") began an investigation into Defendant's classification of workers, including drivers, as independent contractors. *See* Exhibit A, Declaration of Aaron Keyes. After a long and substantive investigation, the DOL concluded its audit, finding that the drivers were misclassified and were owed overtime pay for the period of August 2016 through August 2018. *Id*. Specifically, the DOL held that Plaintiff Osborn was owed $1539.44 and Plaintiff Belk was owed $719.78 (this number constitutes net back pay – gross pay minus applicable deductions). *Id*. The DOL provided Defendant with specific instructions for the payment of these monies, setting deadlines for compliance and requiring proof that the payments were made. *See id*. *See also* Exhibit B. The DOL required Defendant to include a Form WH-58 with each of the checks. Although Defendant objected to the DOL's findings, it fully complied with the DOL's instructions and provided the DOL with proof of compliance. *See* Exhibit A.

On September 7, 2018, Defendant issued a check to Plaintiff Osborn in the amount of $1,539.44 and sent it to Plaintiff Osborn with Form WH-58. *See* Exhibits C and D. On

September 7, 2018, Defendant also issued a check to Plaintiff Belk in the amount of $719.78 and sent it to Plaintiff Belk with Form WH-58. *See* Exhibits E and F. The subject WH-58 forms expressly state:

> NOTICE TO EMPLOYEE: Your acceptance of this payment of wages and/or other compensation due under the Fair Labor Standards Act (FLSA) or Family Medical Leave Act (FMLA), based on the findings of the WHD means that you have given up the right to bring suit on your own behalf for the payment of such unpaid minimum wages or unpaid overtime compensation for the period of time indicated above and an equal amount in liquidated damages, plus attorney's fees and court costs under Section 16(b) of the FLSA or Section 107 of the FMLA . . .

Plaintiffs Osborn and Belk cashed their checks. *See* Exhibits C and F. As such, Plaintiffs Osborn and Belk are barred from bringing this suit and the Court lacks subject-matter jurisdiction.

### B. LEGAL SUPPORT

When a party lacks standing, the court lacks jurisdiction to consider the merits of the case. *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975); *see also Wein v. American Huts, Inc.*, 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004). A Plaintiff must have standing at all stages of litigation— not only at the time of filing the complaint. *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013). Thus, once a case becomes moot, there is no legally cognizable interest, and the plaintiff lacks standing. *Id.* at 723.

In an FLSA matter, a claim becomes moot when a plaintiff accepts payment of wages under the supervision of the Secretary of Labor. 29 U.S.C. § 216(c); *see Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (discussing two ways in which an FLSA back-wage claim may be settled). Consequently, when an

4

employee accepts payment of back wages under the Secretary of Labor's supervision, he waives his right to bring suit for unpaid wages and liquidated damages and lacks standing. *Id.*

The Eleventh Circuit has repeatedly held that an employee waives his rights under the FLSA when (a) the WH-58 form is sent and (b) the employee cashes the check. In *Niland v. Delta Recycling Corp.*, 377 F.3d 1244 (11th Cir. 2004), the Eleventh Circuit found that an employee waived his rights under the FLSA where, *inter alia*, he cashed a check pursuant to a Department of Labor investigation. Guided by its decision in *Lynn's Food*, the Eleventh Circuit reaffirmed its prior holding that an employee waives his right to FLSA wages where he receives—and accepts— back wages under the supervision of the DOL. Subsequently, in *Blackwell v. United Drywall Supply, Inc.*, 362 Fed. App'x 56 (11th Cir. 2010), the Court held that an employee's receipt of Form WH-58 and cashing of the check issued by the employer waives the right to sue under the FLSA. *Id.* at 58.

Notably, whether a plaintiff signs the WH-58 form is irrelevant so long as the plaintiff cashes the check. *See Mion v. Aftermarket Tool & Equipment Group*, 990 F. Supp. 535 (W.D. Mich.1997); *Heavenridge v. Ace-Tex Corp.*, No. 92-75610, 1993 WL 603201 (E.D. Mich. Sept. 3, 1993); *Selz v. Investools, Inc.*, No. 2:09-cv-1042TS, 2010 WL 1451347 (D. Utah Apr. 8, 2010). In fact, the Middle District of Florida has imposed sanctions against a plaintiff who litigated an FLSA case despite cashing a check representing back wages under the supervision of the DOL. *See Grigoli v. Scott Cochrane, Inc.*, No. 8:14-cv-844-T-23EAJ, 2015 WL 4529032 (M.D. Fla. July 27, 2015). In that matter, the defendant filed a WH-58 form, but it was not signed by the plaintiff.

The Court held that there was record evidence, however, that the plaintiff cashed the check for the amount listed in the WH-58 form. *Id*

Like the cases discussed above, the facts in the instant case support dismissal. The DOL performed an extensive audit of Defendant's pay practices, concluding the drivers were misclassified as independent contractors and owed overtime pay. The DOL entered into an agreement with Defendant and issued specific instructions for the payment of back pay, including the issuance of Form WH-58. Defendant followed the instructions and reported back to the DOL. Plaintiffs Osborn and Belk cashed their checks as described in the Form WH-58.[3] Plaintiffs Osborn and Belk are therefore barred from bringing this claim and the Court lacks subject-matter jurisdiction.

IV.   **CONCLUSION**

This Court lacks jurisdiction because Plaintiffs Osborn and Belk settled their FLSA claims under the supervision of the Department of Labor and waived their rights to pursue their claims in this Court. As such, the claims of Plaintiffs Osborn and Belk should be dismissed, with prejudice.

WHEREFORE, Defendant respectfully requests this Honorable Court enter an Order granting the Partial Motion to Dismiss, grant reasonable attorneys' fees and costs, and grant other relief as just and proper.

---

[3] It is unclear without discovery whether or not Plaintiffs Osborn or Belk signed their WH-58 forms; however, as described above, their signatures are not relevant to the issue of waiver.

Dated: May 30, 2019

        Respectfully submitted,

        */s/ Caren S. Marlowe*
        Caren Skversky Marlowe
        FL Bar No.: 514586
        caren.marlowe@ogletreedeakins.com
        Sara G. Sanfilippo
        FL Bar No. : 113399
        sara.sanfilippo@ogletreedeakins.com
        Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
        100 North Tampa Street, Suite 3600
        Tampa, FL  33602
        Telephone:  813.289.1247
        Facsimile:  813.289.6530
        Secondary e-mail: denise.banach@ogletreedeakins.com
                elba.chinea@ogletreedeakins.com
                susan.urso@ogletreedeakins.com
                tamdocketing@ogletreedeakins.com

        Attorneys for Defendant Med Coach, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this May 30, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Craig L. Berman, Esquire
Plaza Tower
111 Second Avenue, N.E., Suite 706
St. Petersburg, Florida 33701
craig@bermanlawpa.com

*Attorney for Plaintiffs*

*/s/ Caren S. Marlowe*
Caren Skversky Marlowe

38713518.1