UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONARD SEELEN, LESTER
OSBORN, STANLEY BELK, MARY
KAESER, and SHARYN BENECK,

    Plaintiff,

v.                                Case No. 8:19-cv-00936-T-60SPF

MED COACH, LLC, a Florida Limited
Liability Company,

    Defendant.
_____/

## ORDER GRANTING "DEFENDANT MED COACH, LLC'S PARTIAL MOTION TO DISMISS CLAIMS OF PLAINTIFFS OSBORN AND BELK FOR LACK OF SUBJECT MATTER JURISDICTION"

This matter is before the Court on "Defendant Med Coach, LLC's Partial Motion to Dismiss Claims of Plaintiff's Osborn and Belk For Lack of Subject Matter Jurisdiction" filed on May 30, 2019. (Doc #21). On June 12, 2019, Lester Osborn and Stanley Belk filed a memorandum in opposition to the motion. (Doc. #23). On September 13, 2019, the Court converted the motion to dismiss into a motion for summary judgment and provided both parties with ample time to provide supplementary evidence and briefs on the merits. (Doc. #34).[1] On October 14, 2019, Defendant filed a memorandum in support of summary judgment. (Doc. #35). The

---

[1] Pursuant to Fed. R. Civ. P. 12(d), when reviewing whether a release that was not attached to the complaint was adequately supervised under the FLSA, it is appropriate to convert the motion to dismiss requesting such a review into a motion for summary judgment. *See, e.g., Niland v. Delta Recycling Corp.*, 377 F.3d 1244, 1246 n.2 (11th Cir. 2004).

same day, Osborn and Belk filed a memorandum in opposition of summary judgment. (Doc. #46). After reviewing the motion, memoranda, court file, and record, this Court finds as follows.

## Background

In this Fair Labor Standards Act ("FLSA") case, Plaintiffs assert that Defendant, a provider of transportation services to the sick and elderly, did not make legally required overtime payments. In February 2018, the Department of Labor ("DOL") opened an investigation into Defendant's practices and found that Defendant had misclassified its employees as independent contractors and failed to pay overtime. (Doc. #32). Subsequently, the DOL

> provided [Defendant] with specific instructions regarding the letter to send to the [employees], the payment of the monies owed, setting deadlines for compliance, and requiring proof that payments were made. One of those requirements was to include a Form WH-58 with each of the checks.

*Id.*

On September 7, 2018, Defendant issued checks to Lester Osborn and Stanley Belk accompanied by a Form WH-58, a standard DOL form that Defendant had been instructed to provide. The form states:

> NOTICE TO EMPLOYEE: Your acceptance of this payment of wages and/or other compensation due under the Fair Labor Standards Act (FLSA) or Family Medical Leave Act (FMLA), based on the findings of the WHD means that you have given up the right you have to bring suit on your own behalf for the payment of such unpaid minimum wages or unpaid overtime compensation for the period of time indicated above … Do not sign this receipt unless you have actually received this payment in the amount indicated above.

Osborn and Belk cashed their checks but did not sign the form.

## Legal Standard

The Court may grant summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Whether a genuine issue concerning a material fact exists is itself a question of law that must be decided by the court." *See Carlson v. FedEx Ground Package Systems, Inc.*, 787 F.3d 1313, 1317–18 (11th Cir. 2015). An issue is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden to show there is no genuine issue of material fact, and all factual inferences will be viewed in the light most favorable to the nonmoving party. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997); *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1532 (11th Cir. 1987). Once the moving party has met its burden, the nonmoving party must identify specific facts and evidence to show the existence of a genuine issue of material fact. *Jeffrey v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593–94 (11th Cir. 1995). Speculation does not create a genuine issue of fact and the nonmovant must provide more than a mere scintilla of evidence to survive summary judgment. *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

## Discussion

Defendant claims that Osborn and Belk are precluded from bringing their claim because (1) Defendant was adequately supervised by the DOL as required by

statute; and (2) Osborn and Belk waived their respective rights to sue for unpaid wages even though they did not sign the Form WH-58. Upon careful consideration, the Court finds that Defendant is entitled to summary judgment.

### *Adequate Supervision*

Under 29 U.S.C. § 216(c), an employee waives his right to sue for unpaid wages if he accepts payment of back wages supervised by the DOL. *Niland v. Delta Recycling Corp.*, 377 F.3d 1244, 1247 (11th Cir. 2004) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982)); *see Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 538–39 (5th Cir. 1977).[2] The DOL supervises a payment when it works to ensure that employees actually receive the wages owed. *See Lopez v. Real Monarca Inc.*, Case No. 2:17-cv-00442-FtM-38CM, 2018 WL 1139056, *2 (M.D. Fla. Mar. 2, 2018).

Adequate supervision is determined by analyzing the DOL's level of involvement in the post-investigation resolution process. *See Lopez*, Case No. 2:17-cv-00442-FtM-38CM, 2018 WL 1139056, at *2 (explaining that "[t]he DOL 'supervises' when it takes affirmative action to ensure employees receive payment of back wages"); *Lynn's Food Stores*, 679 F.2d at 1352–53 (ruling that an employer was not adequately supervised where the settlement was "not negotiated or supervised by the [DOL]"). While the DOL need not be intimately involved in every single decision, adequate supervision require that the DOL play "a significant role" in the payment of back wages. *See Niland*, 377 F.3d at 1247.

---

[2] All Fifth Circuit decisions prior to September 30, 1981, are binding precedent. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

In *Niland*, the DOL adequately supervised an employer where it entered into an agreement with the employer under where the DOL would be directly involved in the calculation of back wages and other key elements of the resolution process. *Id.* at 1247–48. Here, Defendant established that the DOL provided specific instructions regarding: (1) the letter Defendant would send to employees; (2) the calculation and payment of the monies owed; (3) the deadlines for compliance; (4) the inclusion of the Form WH-58; and (5) proof that payments were made. *See* (Doc. #32). As required, the DOL's involvement here went beyond just investigating Defendant's misclassification of its employees. Rather, the DOL played a significant role in key tasks necessary to ensure "employees receive[d] payment." *See Lopez*, Case No. 2:17-cv-00442-FtM-38CM, 2018 WL 1139056, at *2. As such, the Court finds that Defendant was adequately supervised by the DOL.

### *Notice and Acceptance of Waiver*

It is undisputed that Osborn and Belk received WH-58 forms and cashed their checks. As a matter of law, this constitutes sufficient notice and acceptance of waiver under the FLSA. *See Blackwell v. United Drywall Supply*, 362 F. App'x 56, 57–58 (11th Cir. 2010).

First, it is undisputed that Osborn and Belk received the form. Defendant stated via affidavit that it gave Osborn and Belk their Form WH-58s with their checks. (Doc. #32). Osborn and Belk have not provided this Court with even a mere scintilla of evidence to refute this declaration. *See Urquilla-Diaz*, 780 F.3d at 1050.[3]

Second, the language in the WH-58 form is sufficient to establish notice that acceptance of payment constitutes waivers of one's right to sue. The WH-58 "is a standard form used by the DOL to inform an employee that, although he has the right to file suit under 29 U.S.C. § 216(b), acceptance of the back wages offered will result in waiver of those rights." *Niland*, 377 F.3d at 1248. Notice of waiver is the specific function of this form and the language itself clarifies that "acceptance of this payment … means that you have given up the right you have to bring suit on your own behalf" for the payment of those back wages. *See* (Docs. ##21-4, 32); *Blackwell*, 362 F. App'x at 57–58 (the WH-58 "unambiguously informed [employees] that, if they cashed the checks provided with the forms, they would be waiving their rights to sue for back pay").

Third, acceptance of payment – even absent the employee's signature on the WH-58 – is sufficient to constitute waiver. In *Blackwell*, the Eleventh Circuit affirmed the district court's grant of summary judgment where employees had received the WH-58 and cashed their checks, but did not sign the WH-58. *See*

---

[3] Osborn and Belk, in their response in opposition, argued that Defendant's statement that it provided the WH-58s would be susceptible to potential credibility concerns before a jury. *See* (Doc. #36). However, Osborn and Belk have failed to identify any specific facts or present any evidence to show there is a genuine question of fact as to whether they actually received their WH-58s. *See Jeffrey*, 64 F.3d at 1050.

*Blackwell*, 362 F. App'x at 58. As a result, the Court finds that Osborn and Belk did have sufficient notice of waiver, and by cashing their checks – even though they did not sign the WH-58 form – they waived their right to sue for unpaid wages.

Consequently, the Court finds that Defendant was adequately supervised by the DOL and Osborn and Belk waived their respective rights to sue. As a result, Defendant Med Coach, LLC is entitled to summary judgment in this case.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Med Coach, LLC's Partial Motion to Dismiss Claims of Plaintiffs Osborn and Belk For Lack of Subject Matter Jurisdiction," which was converted to a motion for summary judgment, is **GRANTED.**
2. The Clerk is directed to enter judgment in favor of **DEFENDANT MED COACH, LLC** for Plaintiffs **LESTER OSBORN** and **STANLEY BELK**'s FLSA claims.
3. This case remains pending as to Plaintiff Leonard Seelen.

**DONE** and **ORDERED** in Chambers in Tampa, FL this 23rd day of October, 2019.

                                              **TOM BARBER**
                                              **UNITED STATES DISTRICT JUDGE**