UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONARD SEELEN,

    Plaintiff,

v.                                                      Case No.: 8:19-cv-936-T-60SPF

MED COACH, LLC, a Florida limited
liability company,

    Defendant.
_____/

### REPORT AND RECOMMENDATION

This cause comes before the Court upon the parties' Joint Motion to Approve the Parties' Settlement (Doc. 47). The parties request that the Court approve the settlement of Plaintiff's claim under the Fair Labor Standards Act ("FLSA"), and dismiss the case with prejudice (*Id.* at 4). Upon consideration, it is recommended that the parties' settlement be approved.

A claim brought pursuant to the FLSA can be resolved in two ways. *See* 29 U.S.C. § 216; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *Lynn's Food*, 679 F.2d at 1353. Second, an employee may settle and waive claims under the FLSA if the parties to a private action present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. *Id.* To

approve the settlement, the district court must determine whether the settlement agreement constitutes a fair and reasonable resolution of a bona fide dispute regarding FLSA provisions. *Id.* at 1355.

In suits brought by employees under the FLSA for back wages, settlements may be permissible "because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In such adversarial cases, the Eleventh Circuit has determined that:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* (footnote omitted).

Here, Plaintiff brought the instant action to recover unpaid overtime wages (Doc. 1 at ¶¶ 25-28). The parties have reached a settlement of this lawsuit and have submitted the proposed settlement agreement for approval. (Doc. 47-1). Defendant agrees to pay Plaintiff a negotiated sum of $1,772.30 as settlement of all FLSA wage claims, including liquidated damages, and $1,000.00 for attorneys' fees and costs (Doc. 47-1 ¶ 1). The parties jointly represent "that throughout discovery there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to evaluate the [p]arties' claims and defenses and make recommendations to reach a fair and reasonable resolution of this matter" (Doc. 47 at 3). Notwithstanding his initial claims in the case,

"Plaintiff represents and warrants that the payments reflected in [the settlement] compensate him for all hours worked for Defendant" (Doc. 47-1 at 4).

Moreover, the parties represent that the attorneys' fees and costs were negotiated separately and apart from Plaintiff's recovery and are reasonable (Doc. 47-1 at ¶ 1). As a result, the Court does not need to consider the reasonableness of the attorneys' fees and costs. *See Bonetti v. Embarq Mgt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) ("[I]f the parties submit a proposed FLSA settlement that . . . represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel).

The parties also included a release by Plaintiff of any and all FLSA claims against Defendant (Doc. 47-1 at ¶ 3). Here, approval of Plaintiff's choice to accept a release as a non-cash condition as part of their settlement, made with the benefit of advice of counsel, is appropriate under the standard set forth in *Lynn's Food*. *See Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *6 (M.D. Fla. Mar. 5, 2012) (citing *Lynn's Food*, 679 F.2d at 1350), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012).

Upon review, the undersigned finds that the proposed settlement agreement to be a fair and reasonable resolution of the parties' bona fide dispute. *See Lynn's Food*, 679 F.2d at 1353–55. Accordingly, it is hereby

**RECOMMENDED:**

1. The parties' Joint Motion to Approve the Parties' Settlement (Doc. 47) be **GRANTED**. The settlement agreement (Doc. 47-1) be **APPROVED,** as it constitutes a fair and reasonable resolution of a bona fide dispute.

2. This action be **DISMISSED WITH PREJUDICE**.

**REPORTED** in Tampa, Florida, on January 19, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

Copies to:  Hon. Thomas P. Barber